UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL ADEWALE ADEYINKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  23-3316 (UNA) |
| ) | |
| PROJECT HOME, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of *pro se* Plaintiff's application to proceed *in forma pauperis* and civil complaint.  The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

At the beginning, the complaint appears related to housing: plaintiff cites the Fair Housing Act, alleges discrimination based on disability, race, color, and national origin, *see* Compl. at 3, and refers to defendants' efforts to find plaintiff subsidized housing, *see id*. at 5. However, in the section titled "Statement of Claim," plaintiff launches into a discussion of prescribed medications (including Seroquel and quetiapine), their side-effects, and assorted court cases in Pennsylvania, Texas and Oregon. *See generally id*. at 6. Lastly, in the sections titled "Irreparable Injury" and "Relief," *see id*. at 7, plaintiff fails to articulate any harm he has suffered or any basis for "a 500 million settlement," *id*.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8. So few cogent facts are alleged that the named defendants would not have adequate notice of the legal claims against them.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: January 8, 2024                             CHRISTOPHER R. COOPER
                                                  United States District Judge

2